Filed 5/16/22  P. v. Floyd CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B310389 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA093700) |
| v. | |
| ROBERT ELWOOD FLOYD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappé, Judge.  Sentenced vacated and cause remanded with directions.

Lillian Hamrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Michael R.

Johnsen, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

_____

Following Robert Elwood Floyd's 2017 conviction on 10 counts of second degree robbery (Pen. Code, § 211)[1] and two counts of attempted robbery (§§ 211, 664) arising from a crime spree targeting businesses in South Los Angeles, the trial court sentenced Floyd to an aggregate indeterminate state prison term of 447 years to life under the three strikes law (§§ 667, subds. (b)-(i), 1170.12).  We affirmed Floyd's convictions, as well as those of his confederate and codefendant, Christopher Augustine, and rejected Floyd's challenges to his sentence, but remanded the case to allow the trial court to exercise its discretion under new legislation, effective January 1, 2019, to strike or dismiss the prior serious felony enhancements imposed pursuant to section 667, subdivision (a).  (*People v. Floyd* (Aug. 20, 2019, B284321) [nonpub. opn.].)

Prior to the hearing on remand, the district attorney moved to resentence Floyd by dismissing all prior strike convictions and sentencing enhancements.  The trial court declined to exercise its discretion to resentence Floyd, including by striking the prior serious felony enhancements, and reimposed the original sentence.

In his opening brief in this appeal Floyd contends the trial court misunderstood its discretion to resentence him on remand under *People v. Buycks* (2018) 5 Cal.5th 857 and former section 1170, subdivision (d)(1), and abused its discretion in

_____

[1]    Statutory references are to this code unless otherwise stated.

2

declining to strike the prior serious felony enhancements. He also contends he is entitled to have his sentence reduced by striking the now-invalid prior prison term enhancements imposed under former section 667.5, subdivision (b), pursuant to amendments made by Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 136, § 1) (Senate Bill 136), which, effective January 1, 2020, limited that enhancement to defendants who had been convicted of certain sexually violent offenses.

The Attorney General agrees the prior prison term enhancements must be struck in light of Senate Bill 136, but argues the trial court properly understood, and did not abuse, its discretion in reimposing Floyd's original sentence. However, noting that Assembly Bill No. 1540 (Stats. 2021, ch. 719, § 3.1) (Assembly Bill 1540), effective January 1, 2022, enacted new section 1170.03, which replaced and substantially revised the recall and resentence provisions of former section 1170, subdivision (d)(1), the Attorney General suggests, in the interests of judicial efficiency, this court could remand for reconsideration of the district attorney's motion for resentencing without reaching the merits of Floyd's claim that the court abused its discretion in ruling on the district attorney's motion.

While contesting aspects of the Attorney General's retroactivity analysis, in his reply brief Floyd joins the recommendation that the matter be remanded for the trial court to reconsider the district attorney's recall and resentencing request under current law. We agree such a remand is the appropriate resolution of this appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Floyd's Original Sentence and Appeal*

After denying Floyd's motion to strike his two prior strike convictions (a 2007 conviction for attempted robbery and a 2010 conviction for first degree burglary) pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, the trial court sentenced Floyd as a third strike offender to consecutive 25-year-to-life sentences on each of the 12 counts of robbery or attempted robbery for which he had been convicted (a total of 300 years). In addition, on each count the court imposed two 5-year prior serious felony enhancements (120 years) and two additional one-year prior prison term enhancements (24 years). On three of the counts the jury also found true the allegation a principal had been armed with a firearm within the meaning of section 12022, subdivision (a)(1). The court added three 1-year enhancements on each of those counts, for a total aggregate indeterminate sentence of 447 years to life.[2]

We affirmed Floyd's convictions on direct appeal and rejected his arguments the trial court had abused its discretion by declining to dismiss his two prior strike convictions; the court was unaware it had discretion to impose concurrent sentences for multiple robberies committed on the same occasion; and his sentence, which we acknowledged was the practical equivalent of a sentence of life in prison without the possibility of parole,

---

[2] The maximum sentence for 10 counts of second degree robbery and two counts of attempted second degree robbery, without prior strike convictions or enhancements, is 15 years four months. (See § 213, subds. (a)(2) [triad for second degree robbery is two, three or five years], (b) [triad for attempted second degree robbery is 16, 24 or 36 months].)

constituted cruel or unusual punishment in violation of the federal or state Constitutions.  However, explaining that Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1 & 2), which had been enacted and became effective while Floyd's appeal was pending, now allowed the trial court to exercise discretion to strike or dismiss "in the furtherance of justice" the previously mandatory section 667, subdivision (a), prior serious felony enhancement, we remanded the matter for the trial court to exercise its discretion with respect to those enhancements.

2. *The District Attorney's Motion*

Following issuance of the remittitur on December 2, 2019, the trial court set the matter for a status conference at which Floyd's counsel requested an opportunity to submit a motion concerning resentencing.  After a number of continuances, in December 2020 Floyd's counsel filed a motion asking the court to exercise its discretion to strike all enhancements, arguing, in part, the original sentence was extremely harsh and disproportionate to the crimes for which Floyd had been convicted, the sentence was reflective of the legal system's systemic discrimination against Black people, and Floyd's behavior in prison demonstrated his rehabilitation and intent to follow the law.

The prosecutor filed his own "People's Motion Regarding Remitt[itur] and Sentencing" on December 15, 2020, noting that George Gascón became district attorney on December 7, 2020 and had issued Special Directive 20-08 regarding sentencing enhancements and allegations.  The special directive, which was attached to the motion, states, in part, "[T]he current statutory ranges for criminal offenses alone, without enhancements, are sufficient to both hold people accountable and also to protect

5

public safety."  In accordance with the special directive the motion stated, "and in the interest of justice, the People hereby, join in the Defendant's motion to strike all alleged sentence enhancement(s) and/or move to dismiss all alleged sentence enhancements named in the information for all counts."

        3. *The January 15, 2021 Resentencing Hearing*

        At the initial resentencing hearing on January 15, 2021 Floyd's counsel argued the trial court had the authority to reconsider Floyd's entire sentence and was not limited, as the court indicated, to deciding whether to strike or dismiss the five-year serious felony enhancements.  Counsel added that the prosecutor had filed his own motion supporting such reconsideration.  The court asked if the prosecutor's motion was made pursuant to section 1170, subdivision (d)(1), which authorized various officials, including the district attorney who had prosecuted a defendant, to ask the court to recall the defendant's sentence and to resentence the defendant "in the same manner as if they had not previously been sentenced."[3]

---

[3]      Prior to January 1, 2022 section 1170, subdivision (d)(1), provided, "When a defendant . . . has been sentenced to be imprisoned in the state prison . . . the court may . . . at any time upon the recommendation of the secretary [of the California Department of Corrections and Rehabilitation (CDCR)] or the Board of Parole Hearings . . . or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. . . .  The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if

6

Floyd's counsel responded, "It would certainly come under 1170(d)." The court then commented, "That's a formal recommendation, and normally that's accompanied by reasons. What I have here is nothing case specific. It's simply, we've got a directive, and his directive is not binding on me. I have to exercise my discretion." Explaining it wanted to be sure it was following proper procedure, the court said to the prosecutor, "I think you ought to file a request stating your reasons." "I think I should go on and decide the five year priors issue. And then you can file, the People can file their request and the reasons, and we can set that for a hearing."

Floyd's counsel agreed the court was not bound by the special directive but argued it was in the interest of justice to resentence Floyd as requested by the district attorney. He articulated some of the reasons discussed in his motion, including Floyd's behavior while incarcerated, that justified imposing a lesser sentence.

After Floyd's counsel addressed the issue, the prosecutor and the court debated whether an additional, more formal motion was required under section 1170, subdivision (d)(1).[4] During the

_____

any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (Stats. 2020, ch. 29, § 14.)

[4] The district attorney's two-page motion did not cite section 1170, subdivision (d)(1). However, the attached special directive stated it applied to "cases referred to the Superior Court under Penal Code section 1170(d)(1)." The Attorney General acknowledges former section 1170, subdivision (d)(1), did not require a recall request be presented in any particular form and

7

discussion, the prosecutor orally moved to dismiss all enhancements pursuant to section 1385.

Ultimately, the court declined to modify Floyd's sentence, making somewhat contradictory comments as to whether it was solely deciding whether to strike the prior serious felony enhancements or was also considering its discretion to recall the sentence under section 1170, subdivision (d)(1). On the one hand, the court stated, "[A]t this stage of the proceedings, I don't think it would be in the furtherance of justice for me to recall and resentence him under 1170(d). I don't think it's sufficient that I would exercise my discretion, and I don't, to strike the five-year priors. I would be very open to doing it if it had a little more history behind it, and I'm saying that as an incentive to your client to keep working on this. I would like to see a pattern of behavior in prison where the prison's actually daily contact and close-up evaluation of him could convince the court that there was real progress. I'd be happy to do it if I saw tangible results."

On the other hand, the court also stated, "If this were here before me under 1170(d), the court would exercise discretion and proceed accordingly, but [the district attorney has] not give[n] me real reasons." "I have a conclusionary statement from the DA. They don't like the law. . . . That's not something I'm going to exercise my discretion on. At any rate, pursuant to the court's limited remand, the court declines to exercise its discretion and strike the five-year priors. They're reimposed on all counts consecutively."

---

agrees the district attorney's motion asking the court to strike or dismiss all sentencing enhancements could properly be construed as a recommendation pursuant to that statute.

8

The minute order from the January 15, 2021 hearing states, "Counsel for the People make a motion to withdraw[] strike priors and other enhancements and seek to dismiss per Penal Code 1385. The court does not exercise [its] discretion on the district attorney's request." With respect to the remand from this court, the order states, "The court does not strike the above-referenced priors and hereby re-imposes them."

At the request of defense counsel the court continued the resentencing hearing to April 16, 2021 to provide an opportunity to present additional information "regarding further reasons to possibly resentence the defendant."

4. *The April 16, 2021 Continued Hearing*

There were no additional filings in the matter between the January and April 2021 hearings. At the further hearing on April 16, 2021 the court initially stated the issue before it was whether to exercise its discretion to strike or dismiss the prior serious felony enhancements. Defense counsel conceded he had no additional information, but argued at some length that the court should exercise its discretion to reduce Floyd's overall sentence. Floyd also addressed the court. The court again declined to reduce the sentence, stating once more that it would consider a recall request by prison officials after Floyd had shown additional rehabilitative efforts. The court reimposed Floyd's original aggregate indeterminate sentence of 447 years to life.

Floyd filed timely notices of appeal from the orders filed following the January 15 and April 16, 2021 hearings. We consolidated the two appeals.

**DISCUSSION**

1. *The One-year Prior Prison Term Enhancements,*
   *Whether Imposed or Stayed, Must Be Struck*

When Floyd was sentenced in 2017, section 667.5, subdivision (b), provided, when a defendant was convicted of any felony, other than certain violent felonies, for which a prison sentence was imposed, "in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170." (Stats. 2012, ch. 43, § 22.) Senate Bill 136 limited the applicability of section 667.5, subdivision (b)'s one-year sentence enhancement for prior prison terms to defendants who had previously served a prison term for sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b). As the Attorney General acknowledges, this ameliorative amendment applies to nonfinal judgments on appeal. (See generally *In re Estrada* (1965) 63 Cal.2d 740, 748 [for a nonfinal conviction, "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed"].)

Floyd and the Attorney General agree the one-year prior prison term enhancements based on Floyd's prior convictions, some of which were imposed and others that were stayed, must be struck from his sentence. We agree as well. In addition to any other changes that may be ordered on remand, in resentencing Floyd the trial court is to strike all section 667.5, subdivision (b), enhancements.[5]

---

[5] In the past when, as here, the trial court imposed the maximum possible sentence, an appellate court would simply

10

2. *A Remand for Reconsideration of the District Attorney's Motion To Recall Floyd's Sentence and To Resentence Him Will Promote Efficiency and Serve the Interests of Justice*

As this court held in *People v. McCallum* (2020) 55 Cal.App.5th 202, 210-211 and again several weeks later in *People v. Frazier* (2020) 55 Cal.App.5th 858, 864-865, we review for an abuse of discretion a trial court's decision not to recall a sentence for possible resentencing pursuant to former section 1170, subdivision (d)(1), after receiving a letter requesting it do so from one of the individuals designated in the statute. Moreover, we held, "nothing in [former] section 1170, subdivision (d)(1), requires the court to state its reasoning when

---

strike an invalid enhancement and direct the trial court to prepare an amended abstract of judgment, rather than return the matter for the court to exercise its sentencing discretion anew. (See *People v. Buycks, supra*, 5 Cal.5th at p. 896, fn. 15; *People v. Lopez* (2019) 42 Cal.App.5th 337, 342.) Because we adopt the parties' recommendation to remand the cause to permit the trial court to evaluate the district attorney's request to resentence Floyd pursuant to section 1170.03, we need not decide whether that general principle would apply to preclude a defendant from benefitting from Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), which added subdivision (c) to section 1385, requiring the court at sentencings occurring after the legislation's January 1, 2022 effective date and subject to certain exceptions, to dismiss pleaded and proved enhancements under specified conditions, including, as potentially applicable to Floyd, when multiple enhancements have been alleged, application of the enhancements could result in a sentence of more than 20 years, an enhancement is based on a conviction more than five years old and the current offense is connected to mental illness. (§ 1385, subd. (c)(3)(B), (C), (D) & (H).)

11

declining to exercise its discretion in response to the Secretary's recommendation. It is a fundamental tenet of appellate review that we presume on a silent record the court properly exercised its discretion." (*Frazier*, at p. 868.)

The Attorney General argues a fair reading of the transcripts from the two resentencing hearings shows the trial court understood it had discretion to recall Floyd's sentence under former section 1170, subdivision (d)(1), and determined not to do so because it believed Floyd's positive record while incarcerated, as outlined by Floyd's counsel, was too brief to outweigh the factors that led the court to impose his original sentence, not because it concluded the district attorney's motion based on the special directive was improper. That decision, the Attorney General insists, was neither arbitrary nor irrational— that is, not an abuse of discretion.

Nonetheless, the Attorney General acknowledges that section 1170.03, added to the Penal Code by Assembly Bill 1540, fundamentally altered the required procedure in the trial court following a request for recall and resentencing. Most significantly, with respect to a request from the district attorney, as here, section 1170.03, subdivision (b)(2), provides, "There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk to public safety, as defined in subdivision (c) of Section 1170.18"—that is, if the defendant is likely to commit a violent felony commonly known as a "super strike" or crime requiring sex offender registration (see *People v. DeHoyos* (2018) 4 Cal.5th 594, 598-599).

The trial court, of course, when denying in the first several months of 2021 the district attorney's request to recall Floyd's

12

sentence and resentence him pursuant to former section 1170, subdivision (d)(1), did not apply the presumption in favor of resentencing now mandated by section 1170.03, which only became effective on January 1, 2022. Although the Attorney General argues the new statute does not apply retroactively to rulings previously made under former section 1170, subdivision (d)(1), because the district attorney could simply file a new recall request, the Attorney General suggests considerations of judicial efficiency support a remand for reconsideration of the district attorney's motion in light of section 1170.03 without regard to the merits of Floyd's claims on appeal.

Floyd disagrees with the Attorney General's position on the retroactivity of section 1170.03—an issue we need not decide—but agrees, as do we, a remand without addressing the merits of his appellate claims is prudent. If, as seems likely, Floyd's sentence is recalled and he is resentenced pursuant to section 1170.03,[6] the court will necessarily address not only whether to impose any of the five-year prior serious felony enhancements (let alone 24 of them) but also whether to dismiss either or both of the prior strike convictions on any of the

---

[6]      As discussed, the presumption in favor of resentencing following a request from the district attorney (or the secretary of the CDCR or the parole board) may be overcome only if the court determines the defendant is likely in the future to commit one of several enumerated violent felonies or a crime requiring sex offender registration. Although that forward-looking determination is for the trial court in the first instance, it is significant that none of Floyd's prior crimes—that is, neither of his two prior serious felony convictions nor any of his 12 current robbery and attempted robbery convictions—falls into those categories.

13

12 counts and whether to run the sentences on any of those counts concurrently rather than consecutively. A remand as agreed to by both parties, accordingly, effectively moots any other issues presented by this appeal.

## DISPOSITION

Floyd's sentence is vacated, and the cause remanded with directions to the trial court to reconsider the district attorney's recall request under current law and, if Floyd is resentenced, to apply all ameliorative legislation enacted since his original sentencing in 2017.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

14